Good morning. My name is Rosemary Marquez. I'm the attorney that represents Mr. Mercado-Tapia. I would request two minutes for rebuttal. Thank you. Mr. Mercado-Tapia was sentenced to a term of 84 months after he pled guilty to illegal reentry after having been deported. And I am asking this court to review that sentence and find it unreasonable both based on the time, the length of the sentence and the manner in which the district court arrived at that sentence. This is essentially the same reasonable test that I'm requesting that was discussed in U.S. v. Thomas, which is a Sixth Circuit case that essentially mirrors Mr. Mercado-Tapia's sentencing procedure. That case was decided August 10, 2007, after U.S. v. Rita. Your Honors, that case also has been or other circuits have also discussed in the similar type of reasonable review, the Third Circuit, Seventh Circuit and Ninth Circuit, requiring district courts to have meaningful consideration of the statutory factors and thoughtful consideration of the statutory factors. And why? Well, because I believe that courts are recognizing that merely suggests, merely saying that the guidelines are advisory and then going ahead and saying, therefore, I recognize your advisory, but I'm going to impose a guideline sentence, many of the times does not work. And that has been the situation for Mr. Mercado-Tapia. He is a prime example of this because Mr. Mercado-Tapia is a person who has 23 criminal history points. That places him in the criminal history category of six, which is almost twice the limit of the 13 criminal history points that a criminal history category six person would have. And when you punch all these numbers into the guideline computer in the sky, if you will, you end up getting a person who is supposed to be the worst of the worst, twice as much, because he's got 23 criminal history points. But if I may provide a sample to illustrate, I represent a person who was deported, and prior to being deported, he broke into a woman's house and attempted to rape this woman with her child present, was deported, returned, and he fell in a criminal history category, I believe it was of three, and he was his guideline level was 46 to 51 months, with the same departure as Mr. Mercado-Tapia, and he was eventually sentenced to 46 months. But I just show that, state that analogy to show, that example to show that Mr. Mercado-Tapia, although he is at a criminal history category of six, falls in 84 to 105 months, however, his criminal history is really composed of misdemeanors. He does have one violent offense where he punched somebody in the face while he was trying to steal their stereo. Now, what formula would we use, though? I think I understand what you're arguing, and you know, even if you've practiced maybe just two years, that there are different judges on different courts who sentence in different ways, so you'll have somebody who gets a harsh sentence, somebody who gets a life sentence, somebody, and we don't make rhyme or reason of it. You would argue that you can't, but what formula would we use if we decided, all right, we want to do what you would like to see us do? What would be the base? I think that United States v. Thomas is a good formula to follow, where they indicated you don't just put all your weight on a guideline. You have to look at the sentencing factors that are already in place and were in place before the guidelines came into effect. You have to look at, you know, the person's history. In this case, his attorney submitted two sentencing memorandums requesting departures, requesting a variance from the guidelines, requesting that the court look at the fact that Mr. Mercado-Tapia had been in the United States since he was nine years old, he had worked in the field, he had worked in Illinois, he had worked as an auto mechanic, a myriad of things that weren't even addressed by the district court. I know, but what I'm asking you, and I don't know how to make it as clear as I'd like to make it, but what do we say? We're the court on appeal. Do we say to the judge, you can't do what you did? And then we have to tell him why he can't do what he did, don't we? Well, I think you would have to say, if I could author the opinion, I would say, well, you have to look at the other factors and not put so much weight on the sentencing guidelines. You can look at the sentencing guidelines, of course, but the problem that occurred here was we're looking at 23 criminal history points, and it was very difficult from reading the record for the district judge to then say, well, it's not overrepresented. The criminal history category is not overrepresented, because he was so tied in the guideline box of 23 criminal history points, even if he didn't. Just to interrupt for a second, it did look like the district court considered and addressed that very argument, though, in that sentencing. What he said was, I really think he notes that there are a lot of misdemeanors. He said, I really can't find that as a factor in the case, because surely there are a number of misdemeanor convictions, but his points so far exceed the threshold level of criminal history six. And all these points include a crime of violence. So he said, well, you've got, I know there are misdemeanors, but his points are way over into category six, and you've got a crime of violence. So he considered that argument. It wasn't as though he completely ignored it. And that's why I'm bringing it up to answer Judge Ferris' question and yours. He got so bogged down in the criminal history category of being so overrepresented by all these misdemeanors that when you try to look at the criminal history category, you can't do that. It is our position, when you try to look at other factors, he couldn't get past the sentencing guidelines, and therefore put so much weight on these sentencing guidelines that he didn't even address the other sentencing factors of 3553A. He talked about, he did talk about deterrence and stated that he was giving, essentially sending the message that you're not to come back, and therefore I'm going to give you 84 months, which the most time that this person had to come back, he had to come back. And the most time that this person had ever served before was nine months, and gave him an exponentially amount of time just to tell him you're not supposed to come back. But then again, didn't address any of the other factors. In United States v. Thomas, the district court in that case also said, generally noted that the defendant's background and behavior in this particular case, and considering the additional factors contained within, but didn't specifically address the factors that his lawyer had. Raised and said why they would or would not work. And that's our position in this case, that all of the factors that his attorney also raised were not addressed by the district court in this case. But weren't all these, all the matters you're bringing up to us were really presented to the district court. He didn't speak to all factors, but at least those issues were before him. Is that correct? They were sentenced, they were brought to the district court in a sentencing memorandum the same way that they were done in the case of United States v. Thomas. And I would ask you to follow that case in the sense that the court didn't address it, and addressed those issues, and did discuss only the, pretty much essentially the sentencing guidelines throughout his sentencing. Thank you. Good morning. George Virco, representing the government. May it please the court. Addressing the defendant's reasonableness argument, the district court did everything that it was required to do in this case. It made a thorough record as to the reasons it was opposing the 84-month sentence it did. It discussed all of the 3553A factors. It considered the 3553A factors. And it opposed a sentence at the bottom of the guidelines, 84 months imprisonment. It listened to the arguments of counsel. It read the defendant's sentencing memorandum where he brought out these supposedly mitigating factors. And the court did give a mitigated sentence. It gave a sentence at the bottom of the guidelines. Moreover, as far as the explanation for the sentence, I can only see a couple of things that the court arguably did not address. And that has to have to do with the defendant's work history in Pennsylvania as a mechanic, maybe his educational background and his upbringing. And the court did give a mitigated sentence. And that was the case that the defendant was bringing in Mexico. But those things were all addressed in the sentencing memorandum, which the court said that it had read. In addition, there is a problem with Ms. Marquez's argument in that the defendant did not even go to probation for his interview. He blew that off. He refused to be interviewed by the probation officer where those sorts of matters could be developed even more. He indicated that it was not in his best interest. Or his attorney indicated that it was not in his best interest. And that was the case. All of those matters that were supposedly not addressed that were considered by the district court was the defendants own doing. He didn't bother to go to probation to tell them about these mitigating factors. Moreover, Rita says that the district court doesn't have to write a treatise on sentencing matters, especially if the case is typical. This was a 1326 case. That is the paradigm of the state. And Rita's argument, and that's why it was the case that the defendant did not have to go to probation. It was the paradigm of a typical case in the Ninth Circuit. The arguments were conceptually simple. Basically, it had to do with him being a hard worker, a father, a tough life. There is no point-by-point rebuttal that's required, as I understand it, under the Rita case or this circuit's case law. The court explained the reasons for its sentence. It explicitly said that it was considering the 3553A factors. And the reasons that were stated are reflected in the court imposing a bottom-of-the-guideline sentence. As far as whether or not the sentence imposed was substantively unreasonable as opposed to procedurally unreasonable, the defendant had 23 criminal history points. He had 13 aliases, 12 convictions, 10 dates of birth, 4 Social Security numbers, 3 attorneys, 2 felonies, status as parolee at the time that he committed the crime of illegal reentry. And it was his second time of illegally reentering the country. After his aggravated battery conviction, a crime of violence, he was deported to Mexico, returned, and then his parole was violated in Illinois. Then he was deported again or removed again to Mexico. So as far as the reasonableness of the sentence, and as far as Thomas, let me say a few words about Thomas, if I may, Your Honor, Your Honors. And Thomas is a Sixth Circuit case, and it's quite different than what happened in this case. In Thomas, it was a 240-month sentence that was imposed for bank robbery. Here, as I said, this was really a very typical case. It was 1326, a legal reentry case. And the defendant did not even bother to show up to probation to explain any supposedly mitigating factors that he had. The Court said that it considered all the factors, and I think that there is a presumption that the Court means what it says when it says it considered all the factors and everything that was presented in front of him. I think it wasn't fair. I mean, that's about all the Court said about 3553. It didn't go down factor by factor in saying, here's how I applied this factor. You can draw some inferences from what the Court said earlier, but it wasn't as precise as some judges sentence under when they talk about 3553. I would agree in part with Your Honor's statement, but the Court certainly discussed the nature and characteristics of the defendant with its criminal history. It certainly discussed the nature and circumstances of the offense. It discussed deterrence. The defendant was asked point blank whether he was aware that he can't come back, and the defendant basically said, I'll try and not come back. And the defendant and district court noted that, that I have to impose a sentence because the defendant only says he'll try not to come back. Did it touch on absolutely every factor listed in 3553A? No, it did not. But it considered those factors, and that's all that's required under this Court's case law. The defendant did not raise any arguments concerning the withdrawal of the plea, the criminal history points, and unless this Court has any further questions, any questions on those areas or any questions on the reasonableness, the government would rely on its briefs, on the brief it submitted. Thank you, counsel.  Your Honor, I just want to respond to what the government has said about Mr. Mercado-Tapia not providing additional mitigation. And we're not, certainly, there could have been a lot more mitigation and a lot better job that could have been done by his attorney. However, in this case, I'm only asking that you consider the mitigation that was provided to the court. There were sentencing memorandums provided with mitigation, and it is our position that the district court did not consider them. The district court essentially said, started off with, I'm unable to identify anything that would take this case outside of the guidelines. He then talks about over-representation of criminal history and says that Mr. Leone, his attorney, had requested a below-guideline sentence based on over-representation of criminal history. And then he... If not, yes, maybe. I hate to interrupt you because I know you've got a limited amount of time. But what do you want us to do? I would ask the court, first of all, to allow him to withdraw his guilty plea in this case. And if the court does not allow him to withdraw his, or reverse on him having not been allowed to withdraw his guilty plea, then I would ask the court to remand this case for resentencing so that Mr. So that the record could be clear as to what factors the district court considered beyond just the sentencing guidelines in this case and to address the 84-month sentence that was imposed. So essentially you're making a procedural argument on reasonableness. Are you making a substantive argument, too, on reasonableness? I'm making, yes, a procedural argument saying that the way he arrived at this case, he did not address the sentencing factors and put too much weight on the sentencing guidelines. And by its very nature led to a substantial sentence for the crime that he actually committed. Thank you. Thank you, counsel. The case just heard will be submitted.
judges: Farris, Thomas, Bright